**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4029**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON LEE SMILEY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:16-cr-00121-RWT-1)

Submitted: January 31, 2019                    Decided: February 6, 2019

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Murray Kamionski, LAW OFFICE OF MURRAY KAMIONSKI, Baltimore, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Joseph R. Baldwin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Lee Smiley pled guilty, pursuant to a written Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to producing child pornography in violation of 18 U.S.C. § 2251(a) (2012). In the plea agreement, the parties stipulated to a sentencing range of 17 to 25 years. The district court imposed a 25-year sentence and ordered forfeiture of the residence owned by Smiley and his ex-wife. On appeal, Smiley contends that his plea was involuntary because the Government and his counsel withheld medical treatment until he pled guilty and because he did not know that the district court would order forfeiture of the residence. He also asserts that his trial counsel was ineffective, that the forfeiture of the residence constitutes an excessive fine in violation of the Eighth Amendment, and that his sentence is unreasonable. The Government argues that Smiley's guilty plea was knowing and voluntary and that the remainder of his arguments are barred by the appeal waiver in his plea agreement. We affirm in part and dismiss in part.

> We review the validity of an appellate waiver de novo. In making this assessment, we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms. Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid.

*United States v. McCoy*, 895 F.3d 358, 362 (4th Cir.) (citations and internal quotation marks omitted), *cert. denied*, 139 S. Ct. 494 (2018). Smiley does not contest that the district court properly conducted the plea colloquy or that he understood the full significance of the waiver. He argues instead that his plea was involuntary, and we have

2

held that a valid appeal waiver does not bar a defendant from challenging the validity of his plea on appeal. *Id.* at 364.

Because Smiley did not move to withdraw his guilty plea in the district court, we review his challenge to the validity of his appeal for plain error. *Id.* Smiley alleges that the Government and his counsel coerced him to plead guilty by withholding medical treatment until he did so and that he would not have pled guilty had his lawyer not erroneously told him that the district court would not order forfeiture of the residence. Smiley notes in his own brief, however, that the district court conducted a proper and comprehensive plea colloquy during which Smiley told the court under oath that no one had threatened or coerced him, that he had fully discussed his case and his plea agreement with his counsel, and that he was knowingly and voluntarily pleading guilty. Smiley therefore fails to overcome the strong presumption that his guilty plea is final and binding, and we affirm his conviction.

Smiley's arguments that the forfeiture of the residence violates the Eighth Amendment and that his 25-year sentence is unreasonable fall squarely within the scope of the valid appeal waiver. We therefore dismiss Smiley's appeal of his sentence.

Smiley's final argument is that his trial counsel was ineffective. Claims of ineffective assistance of counsel are not addressed on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). To succeed on an ineffective assistance of counsel claim, "a defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466

3

U.S. 668, 687 (1984). To satisfy the performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Because the record does not conclusively show that trial counsel was ineffective, Smiley's claim is not cognizable on direct appeal.

We therefore affirm Smiley's conviction and dismiss the remainder of his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*